CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
October 22, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
       DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| County of Rappahannock, Virginia, )<br>)<br>        Plaintiff, )<br>)<br>v. )<br>)<br>Demetrice Inez Gwyn, *et al.*, )<br>)<br>)<br>        Defendants**.** ) | Civil Action No. 3:25-cv-00076 |

## **MEMORANDUM OPINION**

This matter is before the court on Plaintiff County of Rappahannock's ("the County") motion to remand to the Circuit Court of Rappahannock County, Virginia (Dkt. 5). The County filed the motion to remand to state court following *pro se* Defendant Demetrice Inez Gwyn's notice of removal (Dkt. 1). The court will grant the motion to remand, as it lacks subject matter jurisdiction over this action and Gwyn has not complied with the statutory requirements for removal.

### I.  Background

On May 7, 2025, the County filed a complaint in the Circuit Court of Rappahannock County, Virginia, seeking judicial sale of a land parcel located in Rappahannock County. (Dkt. 1-1 at 1.) The complaint alleged that Demetrice Inez Gwyn, Tammy Veronica Mundy-Joe, Jennifer Rochelle Keller, Deirdre Celeste Courtney, and Danielle Sherri Mundy ("Defendants")—individuals with apparent interests in the parcel—had failed to pay Rappahannock County real estate taxes on the parcel from 2015 through 2024. (*Id.* at 2.)

Gwyn, proceeding *pro se*, specially appeared in the circuit court on June 6, 2025. (Dkt. 1-1 at 22–27.) In her answer, Gwyn denied the allegations, demanded strict proof of the delinquent taxes, and denied that proper service or notice had been effectuated. (*Id.* at 22–23.) She raised several affirmative defenses and counterclaims against the County, including lack of subject matter jurisdiction, Fair Debt Collection Practices Act ("FDCPA") violations, unjust enrichment, statute of limitations, and due process violations. (*Id.* at 23–24.) On August 1, 2025, Gwyn filed an "amended counterclaim," in which she repeated her FDCPA, unjust enrichment, and due process claims. (*Id.* at 28–33.) She also added counterclaims for violation of property rights and burial site protections under Virginia state law. (*Id.* at 31–32.)

Forty-eight days later, on September 18, 2025, Gwyn filed a notice of removal to this court, arguing that federal question jurisdiction, civil rights enforcement under 28 U.S.C. § 1443, and supplemental jurisdiction each serve as grounds for removal.[1] (Dkt. 1.) The County filed a motion to remand on September 30, 2025. (Dkt. 5.) The County contends that the removal was not timely, as it was not made "within 30 days after the receipt . . . through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant." 28 U.S.C. § 1446(b)(1); (*see* Pl.'s Br. at 1 (Dkt. 6)). The County also asserts that Gwyn's amended counterclaim cannot serve as the basis for removal to federal court under 28 U.S.C. § 1331, because a federal counterclaim does not establish federal

---

[1] Gwyn also filed a motion for leave to proceed *in forma pauperis*. (Dkt. 2.) Because the case will be remanded to state court, the court denies this motion as moot.

question jurisdiction over the original claims brought by the County. (Pl.'s Br. at 4–5.) Finally, the County requests attorney's fees and costs under 28 U.S.C. § 1447(c). (*Id.* at 5–6.)

On October 10, 2025, Gwyn responded to the motion to remand by asserting that removal was timely and that this court has subject matter jurisdiction over the case. (Def.'s Br. (Dkt. 9).) The County filed a reply brief on October 13, 2025, in which it further refutes the presence of subject matter jurisdiction in this case, reiterates the untimeliness of Gwyn's motion, and emphasizes the suitability of an attorney's fees award for the County. (Pl.'s Reply (Dkt. 10).)

## II.   Standard of Review

To properly remove a case from state court to federal district court, the defendant or removing party must meet certain procedural requirements. First, a defendant generally must file a notice of removal of a civil action within 30 days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). If a civil case is removable under the general removal statute § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* § 1446(b)(2)(A).

Furthermore, a defendant may only remove a case if the case falls within the federal court's original jurisdiction, which is limited by the U.S. Constitution and by statute. *See* 28 U.S.C. §§ 1441, 1446; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The federal court has original jurisdiction and thus the case may be removed if the jurisdictional requirements under 28 U.S.C. § 1331 or 28 U.S.C. § 1332 are met. For a court to have federal

question jurisdiction under § 1331, there must be a federal question on the face of plaintiff's well-pleaded complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A federal defense may not serve as a valid basis for removal, *id.* at 393, nor can a federal counterclaim, even when compulsory, *see Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

Absent federal question jurisdiction, the court must have diversity jurisdiction to hear a removal case. Under § 1332, a federal court may exercise diversity jurisdiction over actions between citizens of different states if the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The statute "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

If a defendant removes a case to federal court, the plaintiff may move to remand the case to state court within 30 days of the defendant filing the notice of removal. 28 U.S.C. § 1447(c). The removing party has the burden of demonstrating that removal is proper. *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006). Since removal implicates "significant federalism concerns," *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 334 (4th Cir. 2008) (quoting *Md. Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir.2005)), federal courts have a "duty to construe removal jurisdiction strictly and resolve doubts in favor of remand," *Palisades Collections*, 552 F.3d at 336.

### III. Analysis

Removal of the judicial land sale action to this court is improper for several reasons. First, the court lacks subject matter jurisdiction over the action, as there is a lack of complete diversity between the parties and no federal question on the face of the County's well-

pleaded complaint. Second, Gwyn has not complied with the statutory requirements for timely removal.

### A. Subject Matter Jurisdiction

As Gwyn herself admits in her response to the motion to remand, the County's original complaint brought "only state-law tax collection claims" and did not allege any cause of action that arises under federal law. (Def.'s Br. at 1; *see* Dkt. 1-1 at 2–3.) Instead, Gwyn seeks to rely on her federal affirmative defenses and counterclaims to justify removing the case to federal court. However, "the well-pleaded complaint rule prevents a federal counterclaim from establishing federal question jurisdiction under § 1331." *Great E. Resort Corp. v. Bluegreen Corp.*, No. 5:06CV00084, 2006 WL 3391504, at *2 (W.D. Va. Nov. 22, 2006) (citing *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830–32 (2000)); *Caterpillar*, 482 U.S. at 393 ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense . . . ."). Since Gwyn's federal constitutional and statutory claims do not appear on the face of the County's complaint, they do not establish federal question subject matter jurisdiction over this suit.

Nor may this court exercise diversity jurisdiction under § 1332. Gwyn states that two of the defendants, Tammy Veronica Mundy-Joe and Danielle Sherri Mundy, are citizens of Virginia. (Def.'s Br. at 3.) Because the County is also a citizen of Virginia, there is no "complete diversity" in this case. *Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 352 (4th Cir. 2020) (explaining that for "complete diversity" required under § 1332, "no plaintiff may share a citizenship with any defendant"). Gwyn contends that Mundy-Joe and Mundy must be disregarded for purposes of determining diversity because they are "nominal

or fraudulently joined." (Def.'s Br. at 3.) She provides no support for this claim besides the fact that these Virginia citizens "have no independent claims against the County"—which has no bearing on whether they are nominal or fraudulently joined. (*Id.*) Thus, the citizenship of Mundy-Joe and Mundy destroys complete diversity. The court's lack of both federal question and diversity jurisdiction over this case necessitates the remand of the action to state court.

### B. Timeliness of Removal

Even if the court could exercise subject matter jurisdiction over the judicial land sale action, which it could not, Gwyn failed to remove the case within 30 days after her receipt of the initial pleading. Gwyn's timely answer, filed June 6, 2025, clearly indicates that Gwyn had received a copy of the County's initial complaint by at least June 6. (Pl.'s Br. at 3.) In her answer, Gwyn explicitly referenced the County's "Complaint for judicial sale for alleged tax delinquency" and responded to each individual paragraph of the complaint—a response she could not have made without having received the complaint. (Dkt. 1-1. at 22–23.)

In addition to the defendant's receipt of the complaint, this court has held that "formal service under state law" is also "necessary to start the removal clock." *PurAyr, LLC v. Phocatox Techs., LLC*, 263 F. Supp. 3d 632, 635–36 (W.D. Va. 2016). However, service is not "an absolute prerequisite to removal where, for example, a defendant consents to personal jurisdiction." *Id.* at 636 n.3. Gwyn alleges that she was not properly served in her initial answer to the complaint. (Dkt. 1-1 at 22–23.) However, the Code of Virginia has a particular provision dedicated to judicial land sales for delinquent taxes, including the notice and publication required for this sale. *See* Va. Code Ann. § 58.1-3965. The state court files in this

case show that the County, in accordance with § 58.1-3965, sent a notice to the "address of the property owner[s]," including Gwyn, and published the sale in a "newspaper of general circulation." *Id.*; (*see* Dkt. 7 at 4–21). Gwyn was also mailed a copy of the complaint and summons via certified mail on May 12, 2025. (Dkt. 7 at 23.) Finally, Virginia Code states that "a person waives any objection to personal jurisdiction or defective process" if she files "a demurrer . . . answer, [or] counterclaim." Va. Code Ann. § 8.01-277.1(A). Thus, when Gwyn filed an answer in Virginia state court, she was "brought within the court's authority" as required for receipt under § 1446. *PurAyr*, 263 F. Supp. 3d at 636. In sum, Gwyn's filing of the notice of removal on September 18, over 100 days after her receipt and notice on or before June 6, far surpasses the 30-day removal deadline.

Gwyn also asserts that removal on September 18 was timely because it was based on her "amended counterclaim," which was filed on August 1. (Def.'s Br. at 1–2.) She cites 28 U.S.C. § 1446(b)(3), which allows a case not initially removable to be removed within 30 days "after receipt by the defendant . . . of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." However, as the court explained above, a federal defense or counterclaim does not serve as the basis for federal question jurisdiction. Further, September 18 is more than 30 days after August 1. Regardless of which of Gwyn's filing dates is used to determine the 30-day removal deadline, removal is untimely.

## C. Attorney's Fees and Costs

At this time, the court will not require Gwyn to pay the County's costs and attorney's fees incurred as a result of her removal. 28 U.S.C. § 1447(c) authorizes the court to require

the defendant to pay "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  However, "[t]here is no automatic entitlement to an award of attorney's fees" under § 1447(c).  *Common Cause v. Lewis*, 956 F.3d 246, 256 (4th Cir. 2020) (quoting *Beusterien v. Icon Clinical Rsch., Inc.*, 517 F. App'x 198, 199 (4th Cir. 2013)).  Instead, costs and attorney's fees are only proper "where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  District courts "retain discretion to consider whether unusual circumstances warrant a departure" from this rule.  *Id.*

In this case, Gwyn is representing herself as a *pro se* litigant.  Although she clearly surpassed the deadline for removal, the parties have submitted relatively little briefing over the past few weeks since removal.  Furthermore, the court did not explicitly inform her that the suit was unremovable.  Considering the particular circumstances of this case, the court will not, in its discretion, order Gwyn to pay the expenses the County incurred as a result of removal.  However, the court cautions Gwyn that it will likely impose sanctions if she disregards this order and continues trying to remove this judicial land sale suit to federal court.

### IV.    Conclusion

For the reasons discussed above, the court will **GRANT** the County of Rappahannock's motion to remand (Dkt. 5) and **REMAND** this action to the Circuit Court of Rappahannock County.  The court will also **DENY** the County's request to impose fees and costs pursuant to 28 U.S.C. § 1447(c) and **DENY** as moot Gwyn's motion for leave to proceed *in forma pauperis* (Dkt. 2).  An appropriate Order shall accompany this Memorandum Opinion.

**ENTERED** this 22nd day of October, 2025.

                                              HON. JASMINE H. YOON
                                              UNITED STATES DISTRICT JUDGE